UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GONZALO J. CASTILLO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LARRY ART MARTINEZ,<br><br>　　　　　Respondent. | Case No. CV 21-08736-MEMF (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRTE JUDGE** |

　　　　Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in Petitioner's Objections below.

　　　　Petitioner asserts—for the first time, in his Objections to the report and recommendation— several new grounds for federal habeas relief. Generally, a district court is not required to consider new legal theories that were not previously presented to the Magistrate Judge. *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988) ("[A]llowing parties to

litigate their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other ground by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*). But having considered these new grounds, this Court finds that even Plaintiff's new claims had been properly raised, they would not warrant relief for the reasons set forth below.

## I.  Applicable Law

Petitioner's objections raise new claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct. Claims of ineffective assistance of trial counsel require a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard also applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Claims of prosecutorial misconduct require a showing that the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

## II.  Discussion

### A. Petitioner's New Claims of Ineffective Assistance of Trial Counsel

#### 1. Alleged Failure to Preserve a Claim of Insufficiency of the Evidence

Petitioner objects that his trial counsel was ineffective for failing to preserve a federal claim of insufficiency of the evidence. (ECF No. 22 at 2-3.) This objection is contrary to the record, which shows that a federal claim of insufficiency of the evidence was properly preserved, rather than defaulted, in the state courts. (ECF No. 8-11 at 41-49; ECF No. 8-15 at 11-19.) Moreover, Petitioner's trial counsel did raise an argument of insufficiency of the evidence, by bringing a state-law motion under Cal. Penal Code § 1118.1 to dismiss the special-circumstance allegation for insufficient evidence. (ECF No. 8-5 at 97.) The California Court of Appeal concluded that the trial court properly denied the motion as a matter of state law. (ECF No. 8-14 at 11.) Because a state

court's interpretation of state law is binding on federal habeas courts, habeas relief is precluded for a federal claim, such as ineffective assistance of counsel, based on a contrary interpretation. *See Horton v. Mayle*, 408 F.3d 570, 576 (9th Cir. 2005) ("If a state law issue must be decided in order to decide a federal habeas claim, the state's conclusion of its own law is binding on the federal court."); *see also Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) (recognizing that a federal court cannot hold counsel ineffective for failing to raise a claim that is meritless).

### 2. Failure to Object to Alleged Prosecutorial Misconduct

Petitioner objects that his trial counsel was ineffective for failing to object to the prosecutor's closing argument. (ECF No. 22 at 3.) During her closing argument, the prosecutor made the following remarks:

> What happened to Michael Millington was not due to a psychotic disorder, to drug use, to mental illness. It was not self-defense, it was not fear, and it was not heat of passion. And you will notice that he did not have any instructions read to you on any self-defense, on any killing in the heat of passion, even though it was argued to you through the evidence in the defense case repeatedly. There is no evidence of that, to the extent that you don't even have an instruction on that, because it is not relevant for your consideration. Because the evidence doesn't exist.

(ECF No. 8-10 at 91.) Petitioner's trial counsel was not ineffective for failing to object to these remarks. The Ninth Circuit has recognized that "[b]ecause many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." *Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013) (alteration in original) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993)). Because Petitioner has not identified an egregious misstatement in the prosecutor's remarks, his trial counsel's failure to object was not professionally unreasonable.

///

### 3. Alleged Failure to Request Continuance

Petitioner objects that his trial counsel was ineffective for failing to request a continuance before sentencing. (ECF No. 22 at 5-6.) This objection is contrary to the record, which shows that Petitioner's trial counsel did request a continuance before sentencing, as soon as she learned Petitioner wanted to spend time with his family before being incarcerated. (ECF No. 8-10 at 157-58.) The trial court denied the continuance on that ground. (*Id.*) Petitioner's trial counsel was not ineffective given these circumstances. *See Coleman v. Calderon*, 150 F.3d 1105, 1114 (9th Cir. 1998) (holding that counsel is not ineffective for failing to make a futile motion for a continuance), *reversed on other ground by Calderon v. Coleman*, 525 U.S. 141, 145-46 (1998) (*per curiam*).

### B. Petitioner's New Claims of Alleged Prosecutorial Misconduct

Petitioner objects that the prosecutor committed misconduct by remarking to the jury that it had not received an instruction on voluntary manslaughter based on imperfect self-defense. (ECF No. 22 at 6-8, 9-10.) The prosecutor did not commit misconduct because the remark was an accurate statement of the trial record. *See Menendez v. Terhune*, 422 F.3d 1012, 1033-37 (9th Cir. 2005) (holding that a prosecutor did not commit misconduct by commenting on the defendants' failure to present evidence supporting their defense theories). Although Petitioner alleges that the prosecutor told the jurors that they "could not consider" evidence of imperfect self-defense (ECF No. 22 at 9-10), this allegation is not a fair characterization of the record. The prosecutor told the jurors that the evidence of imperfect self-defense was "not relevant for your consideration." (ECF No. 8-10 at 91.) This was a permissible comment on the strength of the defense's case. *See United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir. 2013) (holding that a prosecutor did not commit misconduct in characterizing the defense's case as "smoke and mirrors" because it went to "the strength of the defense on the merits").

///

**C. Petitioner's New Claims of Ineffective Assistance of Appellate Counsel**

Petitioner objects that his appellate counsel was ineffective for failing to raise the issues of ineffective assistance of trial counsel and prosecutorial misconduct. (ECF No. 22 at 8-9.) For the reasons stated above, Petitioner has not shown ineffective assistance of trial counsel or prosecutorial misconduct. Accordingly, Petitioner's appellate counsel was not ineffective for failing to raise the issues on appeal. *See Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985) ("In view of the fact that those claims have been shown to be invalid [petitioner] would not have gained anything by raising them [on appeal].").

**III. Conclusion**

In sum, Petitioner's Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that Judgment be entered denying the Petition and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 24, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge